UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JESSE DUANE JACOBS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-1111 |
| ) | |
| LOVETT *et al.*, ) | |
|     Defendants. ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Motion for Leave to File an Amended Complaint (Doc. 14) filed by Plaintiff Jesse Duane Jacobs, an inmate at Federal Correctional Institution ("FCI") Pekin.

## I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.  **Factual Allegations**

Plaintiff alleges violations at FCI Pekin against Corrections Officer Lovett, Lieutenant Doe, and the Bureau of Prisons ("BOP").

Plaintiff's twenty-five-page amended pleading recounts a December 2021 search of his cell, in which nine photos depicting female nudity were confiscated. The plaintiff was subsequently escorted to the special housing unit ("SHU") pending a threat assessment. Before entering the SHU, Plaintiff was handcuffed, which required him to relinquish custody of a digital audio ("MP3") player, headphones, and a coffee cup Plaintiff possessed. After SHU processing, Plaintiff received his headphones but not his MP3 player.

During his time in the SHU, Plaintiff states that the lights remained on in his cell at night, which affected his sleep. Plaintiff acknowledges that after he submitted an administrative remedy request, the lights were turned off at night. Plaintiff also states that he was initially denied his "nightly meds," but this was resolved after speaking to psychology several times. (Pl. Amend. Compl., Doc. 14-1 at 5.)

Plaintiff recalls being interviewed after he "wrote what … happened with a male [corrections officer] threatening to rape" him. (*Id.*) Plaintiff identified Defendant Lovett as the offending officer. Plaintiff was later interviewed about his Prison Rape Elimination Act ("PREA") report. The investigating officer recommended that Plaintiff submit an administrative remedy request about the incident, which Plaintiff accomplished.

Plaintiff received an unauthorized property rule violation for possessing the nine photos. After spending ninety days in the SHU, Plaintiff was returned to his cell, noting

that Defendant Lovett was his housing officer. Plaintiff asserts that he avoided contact with Lovett on the days he worked. Upon his return, Plaintiff was told that Lovett directed a corrections officer to allow inmates in Plaintiff's cell to take property. Plaintiff submitted an administrative remedy request regarding this issue and opted to file a property claim after being interviewed.

In August 2022, Defendant Lovett "tore [Plaintiff] cell apart." (*Id.* at 9.) Plaintiff called for a Lieutenant, who instructed Plaintiff to clean up the mess. The Lieutenant said he would talk to Plaintiff about Plaintiff's property, but Plaintiff never saw the Lieutenant again. Plaintiff states that another inmate found pictures in the trash that Plaintiff identified as his property. After Plaintiff submitted an administrative remedy request that was not responded to, he filed a grievance. During an interview on his grievance, Defendant Doe threatened to delete the phone contact lists of some unsavory people and then let them know that Plaintiff was at fault if Plaintiff persisted with his grievance. Plaintiff acquiesced to Doe's demands. Two days later, Plaintiff's phone contact list had been deleted without elaboration.

**III.    Analysis**

Plaintiff's complaint proceeds under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, which holds that a victim can seek damages in federal court for constitutional violations committed by federal officers. 403 U.S. 388, 389 (1971); *see also Hernandez v. Mesa,* 137 S. Ct. 2003, 2006 (2017) ("*Bivens* … recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.") (internal quotation marks omitted).

However, in *Ziglar v. Abbasi*, the Supreme Court explained that it applied *Bivens* in only three implied causes of action: (1) Fourth Amendment unreasonable searches and seizures, (2) Fifth Amendment due process gender discrimination, and (3) Eighth Amendment deliberate indifference to medical needs. 582 U.S. 120, 131 (2017) (citing *Bivens*, 403 U.S. at 397, *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). The Supreme Court has since "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity[,]" which the Supreme Court has refused to extend for over three decades. *Ziglar*, 582 U.S. at 135 (collecting cases where the Supreme Court has declined to extend *Bivens* to any new context or category of federal defendants). Specifically, the Supreme Court held that because *Bivens* created a judicial remedy for damages against federal employees instead of a legislated remedy such as 42 U.S.C. § 1983, a federal court should not expand *Bivens* unless exceptional circumstances exist. *Id.* at 137.

Plaintiff's allegations regarding the search of his cell and the confiscation of property by Defendant Lovett are not cognizable under the Fourth Amendment as permitted under *Bivens*. "[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *see also Hanrahan v. Lane*, 747 F.2d 1137, 1139 (7th Cir. 1984) ("The Supreme Court's opinion [in *Hudson*] precludes Fourth Amendment challenges to prison cell searches taken for any reason, whether or not reasonable.").

Consistent with the Supreme Court's guidance, the Court declines to conclude that exceptional circumstances exist to expand *Bivens* to consider Plaintiff's claims for

compensatory and punitive damages under either the due process clause of the Fourteenth Amendment or the First Amendment proscription against retaliation.

Plaintiff also does not state under the PREA, which does not establish a private cause of action. *See Ross v. Gossett*, 2016 WL 335991, at *4 (S.D. Ill. Jan. 28, 2016 (The PREA "does not create a private cause of action" but instead "establishes finding of facts, sets forth statistics, recites research, adopts standards, and provides for grant money") (collecting cases); *see also Kreig v. Steele*, 599 F.App'x 231, 232 (5th Cir. 2015) (dismissing as frivolous the plaintiff's claim that the PREA establishes a private cause of action) (collecting cases).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, "provides a limited waiver of immunity and provides for a cause of action for tort claims 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." *Lipsey v. United States*, 879 F.3d 249, 253 (7th Cir. 2018) (quoting 28 U.S.C. § 1346(b)(1)) (citing *United States v. Orleans*, 425 U.S. 807, 813 (1976)); *see also Glade v. United States*, 692 F.3d 718, 721 (7th Cir. 2012) ("The [FTCA] makes the federal government liable for acts or omissions by its employees that would be torts in the state in which they occurred had they been committed by someone other than a federal employee.").

The FTCA only waives sovereign immunity where "the United States, if a private person, would be liable to the claimant [under] the law of the place where the act or omission occurred." 28 U.S.C § 1346(b); *see also* 28 U.S.C. § 2674 ("The United States shall be liable ... in the same manner and to the same extent as a private individual under like

circumstances…."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1995) ("[W]e have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA."). Specifically, the FTCA provides that the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

Cognizable claims under the FTCA include those that are: (1) against the United States; (2) for money damages; (3) for injury or loss of property; (4) caused by the negligent or wrongful act or omission of any employee of the [g]overnment; (5) while acting within the scope of his office or employment; (6) under circumstances in which the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1).

Plaintiff does not allege any facts against the United States of America despite naming it as a Defendant. To the extent Plaintiff is attempting to raise his mentioned property claims against Defendants Doe and Lovett under the FTCA, the United States Supreme Court has foreclosed this approach. In *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 216, 228, (2008), "the Supreme Court held that § 2680(c) of the FTCA "excludes from this waiver claims involving the negligent handling of detained property by law-enforcement officers, which includes prison guards." *Abdulqader v. United States*, 596 F. App'x 515, 516 (7th Cir. 2015).

Similarly, despite naming the BOP as a Defendant, Plaintiff does not allege any facts to infer a plausible claim. "The only proper defendant in an FTCA action is the

United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (citing *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment."); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (concluding that a plaintiff "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP")

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file a second amended complaint. If Plaintiff decides to file a second amended complaint, his amended pleading shall not exceed ten pages total and shall be the only exhibit appended to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must succinctly specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In

other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

Additionally, the Court instructs Plaintiff that "a prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) ("Permitting a prisoner to sue first and then ask the prison to address issues that are now the subject of pending litigation defeats the purpose of the PLRA's exhaustion requirement."); *see also Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."). The Court cautions Plaintiff that if he files an amended pleading, he should ensure he has exhausted his administrative remedies on his alleged claim before filing a lawsuit.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 14) is GRANTED.**

2) **Plaintiff's Amended Complaint is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

3) **Plaintiff is GRANTED leave to file a second amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED June 20, 2025.

                                              s/ *Colleen R. Lawless*
                                      _____
                                                COLLEEN R. LAWLESS
                                      UNITED STATES DISTRICT JUDGE